UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 26-MJ-024 (JRT/ECW)

UNITED STATES OF AMERICA,

Plaintiff,

v.

NASRA AHMED,

Defendant.

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL DISCOVERY**

The United States of America, by and through its attorneys, Daniel N. Rosen, United States Attorney for the District of Minnesota, and Robert G. Tucker III, Special Assistant United States Attorney, submits this response to Defendant's discovery motion. The United States opposes the motion in part, as it seeks materials beyond the scope of permissible discovery and fails to demonstrate materiality or relevance under Federal Rule of Criminal Procedure 16, *Brady v. Maryland*, *Giglio v. United States*, or the Jencks Act. The United States further respectfully requests leave to file supplemental briefing if necessary.

**INTRODUCTION**

Defendant moves for sweeping discovery across thirteen categories of materials. (ECF No. 31). The motion is unsupported by any applicable rule, statute, or constitutional authority and should be denied.

1

The Government has complied with its obligations under Federal Rule of Criminal Procedure 16 and continues to comply with its *Brady*, *Giglio*, and Jencks Act obligations. Beyond those requirements, there is no general constitutional right to discovery in criminal cases, and Rule 16 does not authorize the expansive, speculative requests Defendant now advances. See *United States v. Johnson*, 228 F.3d 920 (8th Cir. 2000); *United States v. Siewert*, 2008 WL 3165852 (D. Minn. June 10, 2008). Accordingly, Defendant's motion should be denied.

## LEGAL STANDARD

Discovery is governed primarily by Rule 16, *Brady*, *Giglio*, and the Jenks Act. Defendant moves for eleven enumerated forms of discovery. (ECF No. 31). Defendant supports his broad and extensive discovery requests only by asserting the disclosure is required "in order to enable the defense to prepare and sufficiently present their pretrial motions". ECF 31 at 3.

The Government has already made substantial Fed. R. Crim. P. 16 disclosures, including several of the items requested in Defendant's motion. However, the remaining disclosures requested by Defendant are not required by any constitutional or statutory authority. Rule 16 limits discovery to items within the Government's possession that are material to preparing the defense. Materiality requires more than speculation or conclusory assertions. *United*

*States v. Krauth*, 769 F.2d 473, 476 (8th Cir. 1985); *United States v. Farah*, 2023 WL 8757097, at \*9 (D. Minn. Dec. 19, 2023). Speculative requests do not satisfy Rule 16. *United States v. Ivers*, 2023 WL 2182327, at \*2 (D. Minn. Feb. 23, 2023).

## ARGUMENT

The Government complied with its discovery obligations. Defendant moves this court for an order directing the United States to produce not only additional items but items that fall beyond the scope of Rule 16, *Brady*, *Giglio*, or any other relevant law.

### A. The Government Has Satisfied Rule 16; Certain Requests Are Moot or Already in Progress (Bullet Nos, 1,6, ECF 31 at 1-2)

Defendant's motion is premised on an improper request for "open file" discovery, which is not recognized in federal criminal practice. See *Siewert*, 2008 WL 3165852.

Rule 16 requires materiality, not speculation. Defendant offers no factual basis demonstrating how the requested categories are material to any defense theory. Conclusory assertions are insufficient as a matter of law. *Krauth*, 769 F.2d at 476.

As it relates to the items encompassed by Rule 16, which the government understands to be bullet 1, (only relating to video, to include body-worn camera) the government is aware of its Rule 16 obligations and submits to the court that it has complied. The government has produced all evidence in its possession that is subject to Rule 16. As to bullet 1, the government has disclosed all video and audio recordings in its possession. The government further inquired as to the identity and existence of additional agents listed and affirms no such body camera footage exists, nor was this idea reflected in the disclosed paperwork or audio recordings.

As to bullet 6, the government will work to locate and produce documentation or photographs relating to this request as soon as possible. Requests are already outstanding for such information and upon receipt, the materials will be disclosed as soon as possible.

Therefore, the Government believes that Defendant's motion can be denied as moot as it relates to bullets 1 and 6. The remaining bullets request a litany of items that are not encompassed by Rule 16.

**[INTENTIONALLY LEFT BLANK]**

**B. Impeachment and Personnel Files (Bullet Nos, 2,11, ECF 31 at 1, 3)**

Defendant's request for complete personnel files, disciplinary histories, and criminal records of agents exceeds the Government's obligations. The Government is required to disclose only specific impeachment information that is material under *Giglio*, not wholesale personnel or disciplinary files.

The government is aware of its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. The government has complied, and will continue to comply, fully with those obligations. To the extent evidence exists which is both favorable to the defendants and material to either guilt or punishment, the evidence will be, or already has been, timely disclosed. See *United States v. Corey*, 36 F.4th 819, 822 (8th Cir. 2022).

But *Brady* is not a discovery rule, and it does not require pretrial disclosure. *United States v. Miller*, 698 F.3d 699, 704 (8th Cir. 2012) ("*Brady* is not a discovery rule, but a rule of fairness and minimum prosecutorial obligation."), cert. denied, 133 S. Ct. 1296 (2013); *United States v. Bowie*, 618 F.3d 802, 818 (8th Cir. 2010); *United States v. Almendares*, 397 F.3d 653, 664 (8th Cir. 2005) ( "Brady does not require pretrial disclosure, and due process is satisfied if the information is furnished before it is too late for the defendant

to use it at trial."). Indeed, "[t]here is no general constitutional right to discovery in a criminal case, and Brady did not create one." *Madsen v. Dormire*, 137 F.3d 602, 605 (8th Cir. 1998) (quoting *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977)); *United States v. Ruiz*, 536 U.S. 622, 628 (2002) ("[T]he Constitution does not require the prosecutor to share all useful information with the defendant.") (citing Weatherford, 429 U.S. at 559). Rather, "due process is satisfied if the information is furnished before it is too late for the defendant to use it at trial." *Almendares*, 397 F.3d at 664. The government objects to the defendants' motions to the extent that they seek materials that are not required to be disclosed under *Brady*, *Giglio*, and their progeny.

Further, the government agrees that it will disclose criminal record information, if any, of its testifying witnesses prior to trial. The government also agrees to disclose prior to trial any promises or agreements, if any, between it and its testifying witnesses. However, the government declines to provide any such material with respect to persons who will not be called as witnesses since such a request is beyond the scope of *Brady*, *Giglio*, and their progeny. See, e.g., *United States v. Green*, 178 F.3d 1099, 1109 (10th Cir. 1999) (providing that "because . . . *Giglio* appl[ies] only to impeachment information relating to a government witness," it was inapplicable to a confidential informant whom the government never called as a witness); see also *United*

6

*States v. Eisenberg*, 469 F.2d 156, 160 (8th Cir. 1972); *Miller*, 698 F.3d at 704 (addressing motion under Fed. R. Crim. P. 16(a)(1)(E)(i)).

The Government will disclose any *Giglio* material relating to testifying witnesses in a timely manner before trial. However, Defendant is not entitled to irrelevant or unrelated personnel records.

### C. Interagency Communications (Bullet 7, ECF 31 at 2-3)

Defendant seeks broad categories of internal communications between ICE, DHS, CBP, the U.S. Attorney's Office, and the Department of Justice regarding charging decisions and investigative strategy. (ECF No. 31 at 2-3).

The government opposes this request. Fed. R. Crim. P. 16(a)(2), authorizes the government to refuse discovery of reports, memoranda or other government documents made by an attorney for the government, or other government agents in connection with the investigation or prosecution of the case prior to trial. Fed. R. Crim. P. 16(a)(2); *United States v. Krauth*, 769 F.2d 473 (8th Cir. 1985).

Reports, memoranda, or other internal government documents created by a government agent in connection with the investigation or prosecution of the case are immune from discovery." *United States v. Polk*, 715 F.3d 238, 249 (8th Cir. 2013); *United States v. Robinson,* 439 F.3d 777, 779–80 (8th Cir.

2006). These materials are also protected by the work-product doctrine, including internal legal analyses and charging decisions, including documents prepared in anticipation of litigation, including drafts, internal communications, and attorney analyses. *See Hickman v. Taylor*, 329 U.S. 495, 510–11 (1947); *United States v. Williams*, 2024 WL 4589865, at *3–4 (D. Minn. Oct. 28, 2024); *United States v. Nobles*, 422 U.S. 225, 238 (1975); *United States v. Robinson*, 439 F.3d 777, 779–80 (8th Cir. 2006). Defendant's request for inter-agency communications is overbroad, immaterial, speculative, and seeks protected work product under a non-recognized defense. Therefore, production should be denied.

Rule 16 allows only for the discovery of statements made by defendants, but not statements made by others. *United States v. Dornsbach*, 22-CR-00048, 2023 WL 2666480 (D. Minn. Mar. 28, 2023) citing *United States v. Mayberry*, 896 F.2d 1117,1122 (8th Cir. 1990). Consequently, Rule 16 does not require the United States to produce communications between or among ICE, DHS CBP, The U.S. Attorney's Office for the District of Minnesota, The Department of Justice, and any other law enforcement or prospective authorities, nor does it allow for records, documents, text messages, chats, emails, transmittals, or 'other exchange of information'.

**D. Draft Affidavits (Bullet 9, ECT 31 at 3)**

Defendant requests, all draft affidavits prepared in anticipation of the potential charging of this matter by felony complaint. The Government opposes this request. Defendant is not entitled to this information. Indeed, as this court has recognized, affidavit drafts are considered opinion work product that are entitled to absolute protection from disclosure. *United States v. Williams*, 23-CR-236 (JWB/ECW), 2024 WL 4589865 (D. Minn. Oct. 28, 2024), report and recommendation adopted in part, CR 23-236 (JWB/ECW), 2024 WL 5004473 (D. Minn. Dec. 6, 2024); *United States v. Robinson*, 439 F.3d 777, 779–80 (8th Cir. 2006). Further, Rule 16 expressly excludes attorney work product and internal government documents. Fed. R. Crim. P. 16(a)(2). Internal investigative materials, deliberative communications, and draft documents are not subject to disclosure. *United States v. Polk*, 715 F.3d 238, 249 (8th Cir. 2013). Accordingly, Defendant is not entitled to internal drafts, revisions, or attorney mental impressions.

**E. Law Enforcement Training Materials and Policies (Bullet Nos. 3, 10, ECF 31 at 2-3)**

Defendant offers no showing of materiality for agency-wide training materials or internal policies. Such materials are not prepared in connection with this prosecution and are expressly excluded from Rule 16(a)(2). Courts

routinely reject similar speculative requests absent a specific, articulated nexus to the charged conduct. *United States v. Bryan*, 868 F.2d 1032, 1082–83 (9th Cir. 1989); See *United States v. Ivers*, 2023 WL 2182327, at \*2 (D. Minn. Feb. 23, 2023). Conclusory assertions that the materials are "material to the preparation of the defense" are insufficient. See *United States v. Krauth*, 769 F.2d 473, 476 (8th Cir. 1985); *United States v. Ivers*, 2023 WL 2182327, at \*2. Rule 16 specifically excludes the following from disclosure: "reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case.

Training materials and records plainly do not fall within the scope of Rule 16(a)(2). The requested materials were not made in connection with investigating or prosecuting this or any other case, and most of them (except for the training log) are not statements by prospective government witnesses. Id. At 571; *United States v. Armstrong*, 517 U.S. 456, 462–63, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996) (characterizing Rule 16(a)(2) as precluding discovery of "government work product in connection with [the defendant's] case").

The Defendant has not made any connection between the content of such materials and the how it would be useful or assist in his defense. No explanation is given demonstrating how this information could be helpful or

how the content specifically relates to this offense. The requested training records and curricula are immaterial to the conduct charged, irrelevant, and overbroad.

Requests for agency-wide internal training or policies regarding collection of information on civilians are similarly untethered, often containing opinions, legal guidance, and policy interpretations protected as attorney work product or deliberative process materials. See *Hickman v. Taylor*, 329 U.S. 495, 510–11 (1947); *United States v. Nobles*, 422 U.S. 225, 238 (1975); *United States v. Williams*, 2024 WL 4589865, at *3–4 (D. Minn. Oct. 28, 2024); *United States v. Robinson*, 439 F.3d 777, 779–80 (8th Cir. 2006). Defendant has not identified specific documents or explained how production would impact her defense.

Compliance would require review of voluminous materials across multiple systems and agencies, imposing a substantial burden disproportionate to any speculative value. See *Bryan*, 868 F.2d at 1082–83. Accordingly, the requests are overbroad, speculative, immaterial, and should be denied.

**F. Records of Informational Database (Bullet Nos. 4,5, ECF 31 at 2)**

Defendant's request for law enforcement database records and officer search histories is speculative, overbroad, and irrelevant. (bullet 7). Defendant further fails to establish how or why this information is material or even

11

relevant to the conduct charged. Defendant fails to identify any nexus between these materials and the charged conduct. Courts reject discovery requests based on conjecture alone. *Ivers*, 2023 WL 2182327, at *2.

Furthermore, disclosure of these materials or even acknowledgment of the existence of such databases would reveal sensitive law enforcement operations, investigative methods, and internal procedures, potentially compromising ongoing and future investigations.

Courts also recognize that disclosure of such materials may implicate significant privacy and law enforcement interests. *United States Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 771 (1989) (recognizing substantial privacy interest in compiled law enforcement database records) *See United States v. Pedersen,* 3 F.3d 1468, 1471 (11th Cir.1993) (government databases carry strong privacy interests).

Compliance would require review of voluminous materials across multiple systems and agencies, imposing a substantial burden disproportionate to any speculative value. See *Bryan*, 868 F.2d at 1082–83. Accordingly, disclosure of the materials is unwarranted. The request is immaterial, speculative, and overbroad as it covers data unrelated to the incident or individuals involved.

12

## G. Miscellaneous Photographs and Communications (Bullet 8, ECF 31 at 3)

Defendant requests additional items without identifying an entitlement to them under Rule 16. Indeed, at first glance, Defendant's motion is a wild hunt for discovery immaterial to the Government's allegation against him. Defendant requests and "all photographs or digital communications captured by or depicted any of the law enforcement officers" (bullet 8). These requests far exceed the bounds of Rule 16 and have not been established to be material to Defendant's defense, either by him, or on its face. Defendant has not alleged how alleged search history from agents for a lengthy time is relevant or material to his defense. The request is purely speculative and should be denied.

**[INTENTIONALLY LEFT BLANK]**

## CONCLUSION

The Government has complied with its obligations under Rule 16 and will continue to produce any *Brady*, *Giglio*, and Jencks material in a timely manner. The Defendant's remaining requests are unsupported, speculative, overbroad, and seek materials expressly protected from discovery under Rule 16(a)(2) and the work-product doctrine. For these reasons, the Government respectfully requests that the Court deny Defendant's motion.


Dated: April 17, 2026

Respectfully Submitted,

DANIEL N. ROSEN
United States Attorney

*s/Robert G. Tucker III*
BY: ROBERT G. TUCKER III
Special Assistant U.S. Attorney
Bar # 24136128TX
Cell: 202-230-4022
Email: robert.tucker@usdoj.gov